## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NATIONAL SECURITY COUNSELORS    *
1200 South Courthouse Road, Suite 124    *
Arlington, VA  22204,    *
   *
     Plaintiff,    *
   *
     v.    *
   *
CENTRAL INTELLIGENCE AGENCY    *
Washington, DC  20505,    *
   *
     and    *    Civil Action No. 1:11-cv-0442-RMC
   *
DEFENSE INTELLIGENCE AGENCY    *
Building 6000    *
Washington, DC  20340,    *
   *
     and    *
   *
JOHN DOE AGENCIES #1-12,    *
   *
     Defendants.    *
   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

Plaintiff National Security Counselors brings this action against Defendants Central Intelligence Agency, Defense Intelligence Agency, and John Doe Agencies #1-12 pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

## JURISDICTION

1.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2.      Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3.      Plaintiff National Security Counselors ("NSC") is a non-profit organization under the laws of the Commonwealth of Virginia and has the ability to disseminate information on a wide scale.

4.      Defendant Central Intelligence Agency ("CIA") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Plaintiff which are the subject of this action.

5.      Defendant Defense Intelligence Agency ("DIA") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Plaintiff which are the subject of this action.

6.      Defendants John Doe Agencies #1-12 are agencies within the meaning of 5 U.S.C. § 552(e), and are in possession and/or control of the records requested by Plaintiff which are the subject of this action.

## FIRST CAUSE OF ACTION

### (CIA – CONSTRUCTIVE RECORDS DENIAL – F-2010-01033)

7.      NSC repeats and realleges the allegations contained in all paragraphs set forth above.

8.      On 23 April 2010, NSC submitted to CIA a FOIA request for all current regulations, policy statements, guidelines, memoranda, training materials, handbooks, manuals, checklists, worksheets, instructions, and similar documents on the topic of Mandatory Declassification Review ("MDR").

2

9.      On 5 May 2010, CIA acknowledged receipt of this request and assigned it Request No. F-2010-01033.

10.      As twenty working days have elapsed without a substantive determination by CIA, NSC has exhausted all required administrative remedies.

11.      NSC has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by CIA of said right.

## SECOND CAUSE OF ACTION

## (CIA – CONSTRUCTIVE RECORDS DENIAL – F-2011-00396)

12.      NSC repeats and realleges the allegations contained in all paragraphs set forth above.

13.      On 17 April 1995, President Ronald Reagan signed Executive Order ("E.O.") 12,958 on Classified National Security Information.

14.      Section 3.6 of E.O. 12,958 governs MDR procedures.

15.      Section 3.6(e) states: "After consultation with affected agencies, the Secretary of Defense shall develop special procedures for the review of cryptologic information; the Director of Central Intelligence shall develop special procedures for the review of information pertaining to intelligence activities (including special activities), or intelligence sources or methods; and the Archivist shall develop special procedures for the review of information accessioned into the National Archives."

16.      On 25 March 2003, President George W. Bush signed E.O. 13,292, amending E.O. 12,958.

17.      Section 3.5(e) of E.O. 13,292 is identical to Section 3.6(e) of E.O. 12,958.

18.     On 30 November 2010, NSC submitted to CIA a FOIA request for "a copy of the 'special procedures for the [Mandatory Declassification] review of information pertaining to intelligence activities (including special activities), or intelligence sources or methods' developed by the Director of Central Intelligence pursuant to Sections 3.6(e) of Executive Order 12,958 and 3.5(e) of Executive Order 13,292."

19.     On 20 December 2010, CIA acknowledged receipt of this request and assigned it Request No. F-2011-00396.

20.     By letter dated 27 January 2011, CIA informed NSC that it had completed its search and had not located any records responsive to this request.

21.     On 31 January 2011, NSC appealed the adequacy of CIA's search, citing the implausibility of CIA's implication that the Director of Central Intelligence had failed to follow two explicit Presidential directives issued by two separate Presidents for fifteen years.

22.     As twenty working days have elapsed without a substantive determination by CIA, NSC has exhausted all required administrative remedies.

23.     NSC has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by CIA of said right.

### THIRD CAUSE OF ACTION

### (DIA – CONSTRUCTIVE RECORDS DENIAL – 0125-2011)

24.     NSC repeats and realleges the allegations contained in all paragraphs set forth above.

25.     On 13 December 2010, NSC submitted to DIA a FOIA request for all records responsive to FOIA Request No. 0981-1997, a request submitted originally in 1997 by another requester for reports and meeting minutes of the DIA Scientific Advisory Committee from 1965.

26.     On 3 January 2011, DIA acknowledged receipt of this request and assigned it Request No. 0125-2011.

27.     As thirty working days have elapsed without a substantive determination by DIA, NSC has exhausted all required administrative remedies.

28.     NSC has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by DIA of said right.

## FOURTH CAUSE OF ACTION

### (DIA – CONSTRUCTIVE RECORDS DENIAL – 0121-2011)

29.     NSC repeats and realleges the allegations contained in all paragraphs set forth above.

30.     On 13 December 2010, NSC submitted to DIA a FOIA request for all records pertaining to the administrative processing of FOIA Request No. 0981-1997, including all inter- and intra-agency correspondence (including emails and referral memos); all notes, comments, remarks, etc. made by DIA employees or contractors; and all notes, comments, remarks, etc. made by other government agency employees or contractors.

31.     On 3 January 2011, DIA acknowledged receipt of this request and assigned it Request No. 0121-2011.

32.     As thirty working days have elapsed without a substantive determination by DIA, NSC has exhausted all required administrative remedies.

33.     NSC has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by DIA of said right.

**FIFTH CAUSE OF ACTION**

**(JOHN DOE AGENCIES #1-12 – CONSTRUCTIVE RECORDS DENIAL)**

34.     NSC repeats and realleges the allegations contained in all paragraphs set forth

above.

35.     On 8 December 2010, Michael Ravnitzky, the original requester of FOIA Request

No. 0981-1997, informed NSC that DIA had informed him that his request was referred to twelve

(12) other government agencies or components, and that seven (7) had responded to DIA.

However, DIA refused to provide Mr. Ravnitzky with the identity of the twelve other

government agencies or components.[1]

36.     NSC's FOIA Request No. 0121-2011 included the following language:

This request is not just for the DIA administrative processing records, but also for all

administrative processing records in the custody of the twelve government agencies to

which the DIA referred Req. #0981-1997 in whole or in part.  Because the DIA will not

release the identities of those twelve agencies to the original requester, I cannot file this

request with them directly; therefore, please forward this request to the relevant twelve

agencies (along with whatever information they will need to identify their respective

records) for direct response to NSC.

37.     Because DIA retains exclusive knowledge of the identities of any other agencies

to which it referred FOIA Request No. 0981-1997, NSC has no other reasonable means at its

disposal to request responsive administrative processing records from these agencies besides

---

[1] Because DIA did not differentiate between other government agencies and other DIA
components when providing this information, fewer than twelve John Doe Agencies may
actually be involved in this matter.  As soon as DIA provides the identity of all other government

directing DIA to forward the request appropriately.  The only alternative means would be to embark on a "fishing expedition" by sending requests to a wide array of government agencies in the hope that some of them would possess responsive records.

38.     NSC has provided DIA with a reasonable time period to forward this request to any other government agencies to which it referred FOIA Request No. 0981-1997.

39.     No other government agency has sent any correspondence to NSC regarding this request.

40.     This request was submitted to DIA fifty working days prior to the filing of the instant action.  Upon information and belief, DIA forwarded this request to John Doe Agencies #1-12 within thirty working days of its receipt, the statutory time limit for it to process this request.  Upon information and belief, John Doe Agencies #1-12 have accordingly been in possession of this request for twenty working days.  As none of these agencies have made a substantive determination, NSC has exhausted all required administrative remedies.

41.     NSC has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by John Doe Agencies #1-12 of said right.

## SIXTH CAUSE OF ACTION

### (DIA – IMPROPER INVOCATION OF UNUSUAL CIRCUMSTANCES)

42.     NSC repeats and realleges the allegations contained in all paragraphs set forth above.

43.     DIA's 3 January 2011 letter acknowledging receipt of FOIA Request No. 0121-2011 included the following language:

---

agencies to which it referred FOIA Request No. 0981-1997, Plaintiff will amend this Complaint accordingly to specify the appropriate Defendants.

We will be unable to respond to your request within the FOIA's 20 day statutory time
period due to unusual circumstances.  These unusual circumstances are: (a) the need to
search for and collect records from a facility geographically separated from this office; (b)
the potential volume of records responsive to your request; and (c) the need for
consultation with one or more other agencies which have substantial interest in either the
determination or the subject matter of the records.

44.     NSC has received numerous acknowledgement letters from DIA which included
identical language citing all three "unusual circumstances."  Upon information and belief, this
statement is boilerplate language that is included in every DIA acknowledgement letter where
DIA does not expect to meet the statutory time limit, regardless of whether any of the cited
"unusual circumstances" are appropriate.

45.     While DIA's invocation of one or more of the cited "unusual circumstances" has
been questionable in several cases, this is the first acknowledgement letter received by NSC
which has cited "unusual circumstances" that are definitively inapplicable.

46.     FOIA Request No. 0121-2011 was for records that would be maintained
exclusively by the DIA FOIA Office.  Therefore, there is no need to search for and collect
records from a facility geographically separated from the FOIA Office.

47.     FOIA Request No. 0121-2011 was for records regarding the administrative
processing of one identified FOIA request, and expressly excluded any records that were
themselves responsive to Request No. 0981-1997.  Upon information and belief, the potential
volume of records responsive to this request falls significantly short of the necessary threshold to
constitute an "unusual circumstance."

48.     Upon information and belief, DIA's consistent invocation of all three "unusual circumstances" in acknowledgement letters regardless of their applicability represents an ongoing policy, practice, or standard operating procedure.

49.     The Court has virtually unlimited equitable authority to declare a "sufficiently outrageous" ongoing policy or practice to be unlawful even if the agency reverses its position with respect to the FOIA request in question.

50.     In order for an agency to claim additional time to process a request in cases of "unusual circumstances," an agency must state that such unusual circumstances exist.  DIA's practice of blanketly citing every recognized "unusual circumstance" in every acknowledgement letter where it anticipates taking longer than twenty days is in violation of FOIA.  Such a policy constitutes outrageous conduct for purposes of the broad equitable powers provided by FOIA to the Court.  Such a policy is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

51.     As a frequent FOIA requester, NSC stands to continue to be harmed by this ongoing policy in the future.

52.     NSC is therefore entitled to relief in the form of a declaratory order that DIA is in violation of its statutory responsibilities under FOIA and an injunction compelling DIA pursuant to that statute to restrict any future invocation of "unusual circumstances" in an acknowledgement letter to only those circumstances which apply to the particular FOIA request in question.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff National Security Counselors prays that this Court:

(1)     Order the Central Intelligence Agency, Defense Intelligence Agency, and John Doe Agencies #1-12 to disclose the requested records in their entirety and make copies promptly available to it;

(2)     Declare and find that DIA violated FOIA by improperly citing all three recognized "unusual circumstances" in its acknowledgement letters regardless of their applicability;

(3)     Declare and find that any DIA regulations, guidelines, policy statements, or standard operating procedures that authorize the citation of all three recognized "unusual circumstances" in acknowledgement letters regardless of their applicability constitute an unreasonable interpretation of the statutory obligations imposed by FOIA;

(4)     Order DIA to invoke "unusual circumstances" with particularity and to amend its regulations, guidelines, policy statements, and standard operating procedures accordingly;

(5)     Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(6)     Award reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

(7)     Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(8)     Grant such other relief as the Court may deem just and proper.

Date:   February 28, 2011

Respectfully submitted,

_____
Kelly B. McClanahan, Esq.
DC Bar #984704
National Security Counselors
1200 South Courthouse Road
Suite 124
Arlington, VA  22204
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

Attorney for Plaintiff